Ríos, Appellant, *v.* The Registrar, Respondent.

Appeal from a Decision of the Registrar of Property of Arecibo.

No. 146.—Decided June 17, 1913.

Community Property—Conjugal Partnership—Liquidation—Record of Title Pro Indiviso.—A liquidation of the conjugal partnership is not an indispensable requisite in order that a property belonging to said partnership and previously recorded in the name of the deceased spouse may be recorded *pro indiviso* in the names of the surviving spouse and the children. It is sufficient for this purpose to present in the registry the will with the certificate of death of the testator or the judicial designation of heirs.

Id.—Conjugal Partnership—Liquidation—Record of Shares of Heirs.—The deed of inventory, partition and distribution of the property is indispensable when the surviving spouse and children desire to have recorded in their names separately their individual shares in the property appearing recorded in the name of the deceased and not the whole undivided property.

The facts are stated in the opinion.

*Mr. José Martínez Dávila* for appellant.

The registrar, José Marcial López, appeared *pro se.*

Mr. Chief Justice Hernández delivered the opinion of the court.

On May 17, 1901, José Loreto Ríos y Ramírez de Arellano executed a will in Arecibo before Notary Juan Zacarías Rodríguez in which he declared that he was married to Antonia

Villafaña y Torrado who had borne him 12 children—seven sons and five daughters; that neither of the spouses had any property at the time of their marriage, for which reason any property appearing after his death should be considered as acquired during the conjugal partnership. He named his 12 children as his sole and universal heirs without prejudice to the usufructuary dower interest of his wife, Antonia Villafaña.

José Loreto Ríos y Ramírez de Arellano died on February 3, 1907, prior to which date, or on March 2, 1904, one of his daughters had died.

The will .of José Loreto Ríos, together with other documents, being presented to the Registrar of Property of Arecibo on February 11 of the present year for the purpose of recording in common *pro indiviso* and in the proportion of one-half in favor of the widow and the other half in favor of the 11 children in equal shares, a rural property of 101 *cuerdas* situated in the ward of Don Alonso of the Municipal District of Utuado, which property appeared recorded in the said registry in favor of José Loreto Ríos, the registrar refused to admit the same to record on the ground that the said property belonged to the conjugal partnership of José Loreto Ríos and Antonia Villafaña, and that, therefore, the recording of aliquot or determined parts thereof could not be admitted prior to the liquidation of said partnership and the distribution by a public instrument of the ganancial share of the heirs, after deducting the obligations or debts of the said partnership.

The same will was again presented in the registry together with other documents for the recording of the same property in common undivided ownership in the name of the widow and children of the deceased, José Loreto Ríos, under title of community property and usufruct as regards the first and by right of inheritance as regards the others. The registrar

also refused to admit this to record for the reasons stated as follows:

"The record requested in the foregoing note of presentation is refused because it appears that the property referred to therein belongs to the conjugal partnership of José Loreto Ríos y Ramírez de Arellano and Antonia Villafaña Torrado; therefore, no record can be made in favor of the widow and heirs prior to a liquidation of the said partnership in accordance with the provisions of article 7 of Chapter IV of Book Fourth of the Civil Code, and a distribution of the ganancial share by public instrument to the heirs after deducting the obligations or debts of said partnership pursuant to sections 1334 and 1337 of said code. Such defect being incurable, the record solicited is refused, and in compliance with the provisions of section 7 of the Act of March 1, 1902, a cautionary notice is entered to remain in force for a period of 120 days from the date of its entry, said cautionary notice appearing on page 118 of volume 94 of Utuado, property number 3546, duplicate, entry letter E. Arecibo, April 24, 1913. José Marcial López, Registrar."

An appeal was duly taken from the foregoing decision and is now before us for consideration and decision.

The question involved in this appeal has been decided already by this court in the cases of the *Estate of Dávila* v. *The Registrar of Property,* 15 P. R. R., 652, and *Quiñones* v. *The Registrar of Property,* 16 P. R. R., 15. In these two cases, as in the one now before us, the records solicited were refused on the ground that the liquidation of the estate of the conjugal partnership to which the property sought to be recorded belonged had not been made.

In deciding the two cases just cited we said:

\* \* \* "for the purposes of a record of a hereditary right, it is sufficient to present the authentic document establishing such right provided the two following circumstances are present: First, that the hereditary property be recorded in favor of the predecessor in interest, as occurs in this case, and second, that there be one or more heirs who apply for the record of the property held in common. So then the inventory and the deed of division and partition can be required only where the heirs demand that their interest in the property of the

deceased be recorded; but this is not the case when, based upon the fact of the division, they only ask that their hereditary portion in estates recorded in the name of their predecessor in interest be recorded in the registry. Under this doctrine, which is supported by the decision of March 13, 1885, and February 25, 1888, the hereditary right of a specific person may be recorded immediately after the record of the estate shown to belong to his predecessor in interest and which is described in the petition."

In the decision of the General Directorate of Registries of Spain of February 25, 1888, it is established that the right of every joint owner to record his interest in the common property is indisputable and that, therefore, while the hereditary estate remains undivided each one of the joint heirs may record the aliquot part corresponding to him by presenting for that purpose the will together with the certificate of the death of the testator or the judicial designation of heirs.

It is true that article 20 of the Mortgage Law provides that in order to record or enter instruments transferring or encumbering the ownership or possession of real property or property rights, the interest of the person conveying it, or in whose name the transfer of encumbrance is made, must be previously recorded. In the present case the rural property in question is recorded in the Registry of Property of Arecibo in favor of José Loreto Ríos, and being as it is conjugal-partnership property acquired during his marriage with his wife, Antonia Villafaña, it must be understood as being recorded in favor of the conjugal partnership in which the husband and wife were partners.

The conjugal partnership having been dissolved by the death of José Loreto Ríos, his heirs or successors together with the widow, Antonia Villafaña, became equal sharers of the rights of both spouses in the said conjugal partnership, which rights, as a matter of fact, cannot be determined except by a liquidation of the said partnership. Hence, without such liquidation the surviving spouse cannot dispose of the whole

or any fixed part of the community property as if it were her own.

We are of the opinion that as the liquidation of an inheritance is not necessary in order that the hereditary right may be recorded in the names of the heirs of a person, the interest of the surviving spouse in the community property may be recorded also in his name whether the same be in the nature of a legal usufruct or of community property. Naturally, such records will be subject to the result of the liquidation of the inheritance and of the conjugal partnership.

The widow of José Loreto Ríos is entitled to share in the property of the conjugal partnership both in her character of conjugal partner and by reason of her dower rights, and the children are entitled to the property of their deceased father by right of inheritance. Such rights may be recorded in the registry.

The decision of the registrar is reversed and it is ordered that the record denied be made.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.